**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TIMOTHY BOX, #17871236,** § | | |
| Petitioner, § | | |
| § | | |
| **v.** § | | 3:16-CV-0649-K-BK |
| § | | |
| **WILLIAMS STEPHENS, Director** § | | |
| **TDCJ-CID,** [1] § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Petitioner's *pro se* motion for extension of time to file a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the motion for extension of time be dismissed for want of jurisdiction.

In 2012, Petitioner was convicted of burglary of a habitation and sentenced to 99 years' imprisonment. *Box v. State*, No. 29114-422 (422nd Judicial District Court, Kaufman County, 2012), *aff'd* No. 05-12-00421-CR, 2013 WL 1319359 (Tex. App. -- Dallas, Mar. 28, 2013, pet ref'd). He unsuccessfully sought state habeas relief. *Ex parte Box*, No. WR-83,880-01 (Tex. Crim. App Oct. 14, 2015).[2] Petitioner now requests an unspecified extension of time to prepare a

---

[1] Petitioner's motion names Rick Thaler as Respondent. However, on July 15, 2009, William Stephens succeeded Rick Thaler as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens is automatically substituted as a party.

[2] Online docket sheet available at http://www.search.txcourts.gov/Case.aspx?cn=WR-83,880-01&coa=coscca.

federal habeas petition.[3]  Doc. 3 at 2.  However, his motion for extension is not accompanied by even a skeletal section 2254 petition.

Federal courts lack jurisdiction to consider the timeliness of a section 2254 petition until it is actually filed.  *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (*per curiam*) (quoted case omitted) (*per curiam*) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'").  Thus, until Petitioner files a section 2254 petition, there is neither an adverse party before the Court nor a concrete dispute for the Court to decide.  *See, e.g., United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (*per curiam*) (affirming denial of motion for extension of time to file a section 2255 motion because the district court lacked jurisdiction to entertain the motion for extension of time); *see also Braz v. Thaler*, No. 3:11-CV-0993-M-BK, 2011 WL 2314086  (N.D. Tex. May 20, 2011), recommendation accepted, 2011 WL 2312292 (N.D. Tex. Jun. 9, 2011) (dismissing for want of jurisdiction *pro se* motion for extension of time to file a section 2254 petition).[4]

For the foregoing reasons, it is recommended that Petitioner's request for extension of time to file a section 2254 petition be **DISMISSED WITHOUT PREJUDICE** for want of

---

[3] Petitioner neither paid the $5.00 filing fee nor submitted a motion for leave to proceed in forma pauperis.

[4] Neither the 2254 Rules nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition.  Furthermore, the habeas corpus statute does not authorize federal courts to prospectively extend, stop, or toll the one‑year statute of limitations.  *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).

jurisdiction.[5]

SIGNED March 9, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court does not express any opinion as to the timeliness or untimeliness of the petition which Petitioner may file at a later date. *See* 28 U.S.C. § 2244(d) (imposing a one−year statute of limitations for filing habeas corpus petitions in federal court).